USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SRISUWAN TANGTIWATANAPAIBUL, et al., :
                                              Plaintiffs, :
                                                      :       17 Civ. 00816 (LGS)
                -against- :
                                                        :       **OPINION AND ORDER**
TOM & TOON INC., et al., :
                            Defendants. :
------------------------------------------------------------ :
                                                           X

LORNA G. SCHOFIELD, District Judge:

       Magistrate Judge Katharine Parker, to whom this matter has been referred, issued an order (the "Report"), dated July 9, 2018, denying Plaintiffs' Motion for a Temporary Restraining Order ("TRO"), Preliminary Injunction and Sanctions. On July 30, 2018, Plaintiffs filed an objection to the denial of the TRO and preliminary injunction claiming that (1) Judge Parker did not have authority to issue an order as to Plaintiffs' motion for a preliminary injunction and (2) Plaintiffs' motion was not procedurally deficient. On August 14, 2018, Defendants filed a declaration in opposition to Plaintiffs' objections. Because injunctive relief is a dispositive matter, the court construes the order as a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Report is adopted in its entirety.

**I.    BACKGROUND**

       The facts and procedural history relevant to the motion are set out in the record and summarized here.

       **a.  Factual history**

       In this Federal Labor Standards Act case, Plaintiff Phouviengsone Sysouvong ("Sysouvong"), among others, is suing Defendant Roongkant Preechatammarach ("Toon") for wage and labor violations that occurred while she was a cook for Tom & Toon, Inc. Sysouvong

was employed at Tom & Toon, Inc. from approximately June 5, 2012, to September 4, 2014. Sysouvong currently lives in Laos, and Toon lives in the United States.

Plaintiffs allege that Defendant Toon engaged in an intimidation campaign against Plaintiff Sysouvong to prevent Sysouvong's involvement in this litigation. Sysouvong alleges that Toon bribed the Laotian police department to send a letter to Sysouvong to summon her to the police station and interrogate her to force Sysouvong to "surrender" to Toon. While Sysouvong was at the police station on March 12, 2018, the police called "Toon's representative," who informed Sysouvong over the phone that Toon wanted to speak to Sysouvong privately about the case. After Sysouvong informed the representative that she needed to think about whether to meet Toon privately, the representative told Sysouvong not to tell her family or attorneys in the United States anything about the call or meeting with the police. Sysouvong claims that as a result, she did not contact her attorney or family. After the March 12, 2018, meeting at the police station, the police called Sysouvong on March 13, 14 and 15. During these calls, the police told Sysouvong to stop communicating with her family and lawyer between March and June 2018.

Defendant Toon submitted a sworn affidavit claiming that she does not speak Lao, has never been to Laos and never arranged for the police to contact Sysouvong. In the July 9, 2018, hearing before Judge Parker, Plaintiffs never alleged any direct contact between any individual Defendant and Sysouvong. Moreover, Plaintiffs agreed that the police have not contacted Sysouvong since March 2018.

### b. Procedural history

On June 26, 2018, Plaintiffs filed an Emergency Motion for Injunctive Relief to prevent Defendant from "attempting to tamper [with] Plaintiff's testimony" and for sanctions. In support

of the motion, Plaintiffs' counsel submitted Sysouvong's English-language declaration without an affidavit or certification by a translator. Sysouvong does not read or speak English. The declaration concluded: "This document has been translated to me in my native language of Lao, and I fully comprehend the contents. I declare [ ]under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." Plaintiff's counsel explained in the hearing before Judge Parker that counsel put together the English-language affidavit and had it translated to Lao for Sysouvong, who then signed the English-language affidavit.

On June 29, 2018, Defendants objected to the declaration because Plaintiffs failed to provide an affidavit of a translator. On July 3, 2018, Plaintiffs filed a Certificate of Interpretation and Translation dated June 28, 2018, which failed to include the date, time and place of the translation or a certified copy of the document that was translated.

After the parties' July 9, 2018, hearing, Judge Parker issued an order that construed Plaintiffs' Emergency Motion for a TRO, Preliminary Injunction and Sanctions as a motion for discovery sanctions pursuant to Federal Rule of Civil Procedure 37 and denied the motion in its entirety. Judge Parker stated:

> Plaintiffs' counsel failed to provide proper certification by a translator of Plaintiff's assertions of improper contact by defendants. Moreover, at oral argument, Plaintiffs' counsel utterly failed to rebut the sworn affidavit submitted by Defendants that there has been no contact with the Plaintiff. Plaintiffs['] counsel also conceded that there has been no contact between police in Laos and their client since March and no direct contact between any individual Defendant and their client at all. In short, Plaintiffs have utterly failed to establish any factual or legal basis for their motions.

Plaintiffs objected and now seek a preliminary injunction to prevent Toon, and individuals acting on her behalf, from retaliating against Plaintiff and others participating in this lawsuit.

## II. STANDARD

### a. Review of Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief . . . ." For matters of injunctive relief, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in [§ 636(b)(1)(A)] . . . ." 28 U.S.C. § 636(b)(1)(B). Judge Parker's order denying injunctive relief is construed as a report and recommendation.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (first quoting Fed. R. Civ. P. 72(b), and then citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Under Federal Rule of Civil Procedure 72(b), if a matter is dispositive, the court must undertake a de novo review of any part of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Contrera v. Langer*, No. 16 Civ. 3851, 2018 WL 3918179, at *1 (S.D.N.Y. Aug. 16, 2018). "Even when exercising de novo review, however, '[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . .'" *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344

(E.D.N.Y. 2008) (alterations in original) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)). As the denial of the TRO and preliminary injunction is a dispositive matter, the review below is de novo.

### b. Injunctive Relief

The purpose of a TRO is "only to preserve the status quo . . . until after the presentment of further evidence on the merits of the [plaintiff's] claims." *Mastrio v. Sebelius*, 768 F.3d 116, 121 (2d Cir. 2014). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, No. 17 Civ. 6761, 2017 WL 4685113, at *1 (S.D.N.Y. Oct. 17, 2017).

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

## III. DISCUSSION

Based on a de novo review of the record, the Report, Plaintiffs' Objection and Defendants' Response, the Report is adopted in its entirety. Plaintiffs' motion for a TRO and preliminary injunctive relief is denied because (1) Plaintiffs did not provide proper certification to establish that Sysouvong knew what she was signing, and (2) Plaintiffs have not shown irreparable harm.

First, Plaintiffs failed to provide proper certification by a translator of Sysouvong's allegations of Defendants' improper conduct. An unsworn declaration executed outside of the

United States may be submitted in place of a sworn declaration or affidavit if, among other things, the statement is subscribed as true under penalty of perjury in "substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).'" 28 U.S.C. § 1746. "If the declarant himself does not speak and read English[,] . . . the party relying on his English-language declaration must also submit documents sufficient to establish that he understood what he was signing." *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016). A certified translation in the declarant's native language is sufficient if the declarant read the translation before he signed the English-language version. *See, e.g.*, *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 118 (S.D.N.Y. 2011). The declarant can also sign the document in his native language if counsel files the native-language document with a certified English-language translation. *See, e.g.*, *Mattis v. Zheng*, No. 05 Civ. 2924, 2006 WL 3155843, at *1 n.1 (S.D.N.Y. Oct. 27, 2006). Alternatively, the declarant may submit a separate declaration indicating that the document has been translated, as long as it is clear that the declarant understood the contents of the document he signed. *See*, *e.g.*, *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007).

Plaintiffs did not provide sufficient documentation to establish that Sysouvong knew what she was signing. Plaintiff does not read English. Her declaration was signed in English and included the statement, "This document has been translated to me in my native language of Lao, and I fully comprehend the contents," but the declaration was not accompanied by any Lao translation. After Defendants objected to the lack of proper translation or certification, Plaintiffs submitted a certificate of interpretation and translation dated June 28, 2018, two days after the date of Plaintiff's declaration. The certificate does not contain a date or place of execution of the

translation, and Plaintiff failed to submit any certified translation to supplement the certificate.

Even assuming that the declaration is admissible evidence, Plaintiff has not established irreparable harm.  Plaintiffs conceded at the hearing before Judge Parker that Plaintiff Sysouvong never had direct contact with Defendant Toon.  Plaintiffs additionally agreed that police have not contacted Sysouvong since March 2018.  Plaintiffs have not explained why they waited until June 26, 2018, to file an Emergency Motion for conduct that allegedly occurred in March.  Thus, Plaintiffs have failed to establish a sufficient factual or legal basis to support a TRO or preliminary injunction.

### IV. CONCLUSION

For the foregoing reasons, the Report is ADOPTED in its entirety as the opinion of the Court.

SO ORDERED

Dated: September 17, 2018
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**