USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tangtiwatanapaibul et al.,

                        Plaintiffs,

-against-

Tom & Toon, Inc. et al.,

                        Defendants.

**ORDER OF DISMISSAL**

No. 17-cv-816 (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge:**

     In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval.  See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiffs have also submitted a letter requesting that the proposed settlement agreement be found to be fair, reasonable, and adequate.  (ECF No. 204.)  This Court has reviewed Plaintiffs' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during several telephone conferences conducted by this Court for the purpose of assisting the parties with settlement), it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.

2. The Court notes that despite the parties' request for this Court to retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary, the Court declines to adopt the parties' request. Additionally, this Court will not make an independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15-cv-1799 (JCF), 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

**SO ORDERED.**

Dated: New York, New York
       October 13, 2020

                                                                                        */s/ Katharine H. Parker*
                                                                                        KATHARINE H. PARKER
                                                                                        United States Magistrate Judge

<u>Copies to:</u>

All counsel (via ECF)

3