UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SRISUWAN TANTIWATANPAIBUL, a/k/a
    Anne Tantiwatanpaibul,
PHOVIENGSONE SYSOUVONG, a/k/a
    Tutka Sysouvong,
PHOUVIENGKHONE THAMMAVONG,
MANOON CHARUSSILAPA,
    a/k/a Charlie Charussilapa,
on behalf of themselves and others similarly situated,

                     Plaintiffs
        -v-

TOM & TOON, INC.,
    d/b/a Broadway Thai;
THAI SLIDERS & CO., LLC.,
    d/b/a Thai Slider;
TOON THAI, INC.,
    d/b/a Noodle Den;
SILOM THAI, INC.,
    d/b/a Silom Thai;
THAI TOON AT GRAND CENTRAL, INC., d/b/a
    Thai Toon;
WAI YING LAU,
ROONGKANT PREECHATAMMARACH
    a/ka Toon Lau;
                     Defendants.
-----------------------------------------------------------------X

DOCKET NO: 1:17-CV—00816 (LGS)

**DECLARATION IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT**

      MORTON S. MINSLEY, an attorney at law duly admitted to practice in the Courts of the State of New York and the US District Court for the Southern District of New York, declares the following pursuant to 28 USC § 1746:

      1) I am the counsel for all Defendants in this matter. I submit this declaration in support of Defendants' application to enforce the settlement in this matter as agreed to and modified between the parties.

## PROCEDURAL HISTORY OF THIS MATTER

2) On June 26, 2019, the counsel for the Defendants, accompanied by Defendant WAI YING LAU, and counsel for Plaintiffs, together with Plaintiffs SRISUWAN TANTIWATANPAIBUL and MANOON CHARUSSILAPA appeared before the Court for a settlement conference. On that date, the parties entered into a Settlement Agreement memorialized by a Settlement Agreement term sheet, signed by both counsel as well as the three attending parties. The term sheet provided for settlement of all claims by Plaintiffs for the amount of $72,000, to be paid over 24 months, in monthly installments of $3,000 per month, commencing within 10 days of formal Court approval of the settlement. The term sheet provided that the material terms of the settlement were binding. A copy of the June 26, 2019 term sheet herein is annexed hereto as ***Exhibit A***.

3) After disagreements over various points of the formal detailed settlement agreement, the parties and counsel again appeared before the Court for conference on January 9, 2020, wherein the parties adhered to their original settlement agreement. Plaintiffs' counsel then submitted an agreement purportedly signed by his clients on January 9, 2020 and January 13, 2020. Although the agreement called for all signatures to the agreement to be acknowledged before a notary public or a counselor official if executed outside the United States of America, none of the signatures to the Agreement were notarized or acknowledged. A copy of Plaintiffs' purported signed detailed agreement is annexed hereto as ***Exhibit B***.

4) Shortly after January 2020, as Defendants informed Plaintiffs' counsel and the Court, Defendants' financial posture dramatically changed for the worse. Of the

Corporate Defendants in this case, Tom & Toon, a/k/a Broadway Thai, Toon Thai, a/k/a Noodle Den, and Thai Toon at Grand Central had long since closed. At the end of December 2019, Defendant Thai Sliders on John Street in lower Manhattan closed when it lost its lease. Only Silom Thai remained open. Once the COVID pandemic hit New York City, the effects of which began to hit the restaurant business in late January and early February 2020, Defendants' business was completely devastated by the Pandemic – at a location where outdoor dining was not possible due to a bus stop outside of the corner location where it is located. During the pandemic, Silom Thai teetered on the verge of closing, fell behind in rent and was barely able to meet other operating expenses.

5) After being informed of the Defendants' circumstances, on June 24, 2020, the Court held a subsequent conference in this case to discuss the status of the settlement. In the conference, it was agreed that the terms of settlement would be modified so that Defendants would make payments in the amount of $500 per month toward the $72,000 settlement, for four months beginning July 1, 2020, on the first day of the month, with future installments to be determined at a conference on October 8, 2020. Defendants would thereafter have at least 23 months to pay the remaining $70,000 balance of the settlement.

6) On June 30, 2020, Defendants' counsel forwarded to Plaintiffs' counsel a signed and acknowledged Settlement Agreement containing the above modifications to the parties' agreement, together with a check for the first modified installment payment of $500.00, which was accepted and cashed by Plaintiffs' counsel. (See ***Exhibit C***, hereto).

7) Subsequent payments of $500 were mailed to and accepted by Defendants' counsel on July 29, 2020, August 31, 2020 and September 30, 2020, leaving a balance due and owing of $70,000 on the settlement. (See ***Exhibit D***, hereto).

8) A further conference was held on October 8, 2020, in which the parties were unable to agree on a further payment schedule, and Plaintiffs' counsel indicated that he would bring an action to enforce the settlement in State Court. The Court then issued an order closing the case. (See Entry 202 on the Docket).

9) On October 13, 2020, the Court issued an order of dismissal approving the settlement as fair, reasonable and adequate, and discontinued the case with prejudice and without costs. (See Docket Entry 205, copy annexed as ***Exhibit E*** hereto).

## CONCLUSIONS

10) Based on the above, it is submitted that there is an enforceable agreement between the parties for Defendants' to pay the settlement balance of $70,000, as reflected by Plaintiffs' signed and acknowledged settlement agreement 'at least 23 months [after October 8, 2020] to pay the unpaid balance' (See Ex. C, page 4, Paragraph 2, June 30, 2020 settlement agreement signed and acknowledged by Defendants)

11) Plaintiffs have an enforceable agreement, signed by the parties to be charged, evidencing this obligation. The original settlement agreement of June 2019 was modified by Plaintiffs' acceptance of the June 2020 modifications and Plaintiffs' subsequent acceptance of Defendants checks in payment of the settlement in July, August, September and October 2020.

12) Based on the above, Plaintiffs have their remedies if Defendants fail to pay the balance of the settlement on or before September 8, 2022, and no further proceedings in this case are required.

Dated: June 30, 2020

        Yours, etc.

        MORTON S. MINSLEY, ESQ.
        Attorney for Defendants
        101 Lafayette Street, 10th Floor
        New York, New York 10013
        Phone: (212) 346-0849
        E-Mail: Minsleylaw@me.com

        By:

        _____
        MORTON S. MINSLEY (MSM- 7478)