USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
SRISUWAN TANGTIWATANAPAIBUL ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED a/k/a ANNE TANGTIWATANAPAIBUL, et al.,

Plaintiffs,

-against-

TOM & TOON INC d/b/a BROADWAY THAI, et al.,

Defendants.
---------------------------------------------------------------X

**OPINION AND ORDER PURSUANT TO RULE 60**

**1:17-cv-00816 (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On February 2, 2017, Plaintiffs, who all worked at the Defendant restaurants, commenced this action against the restaurants and their owners asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, and the New York Labor Law §§ 190-1999a, 650-665 ("NYLL"), for failure to pay appropriate wages and provide required wage notices.

On June 26, 2019, the parties settled this action at a settlement conference before this Court by signing a Term Sheet that contained the material terms of the agreement and explicitly set forth that those terms were binding as of that date. The parties contemplated preparing a more formalized settlement agreement. Although the Plaintiffs' counsel prepared a formal agreement, that agreement was never fully executed by all parties. Nor did the parties ever fully execute any other formal agreement. This Court attempted to assist the parties, but ultimately Plaintiffs' counsel indicated their desire to bring an enforcement action. This Court therefore approved the settlement reached at the June 26, 2019 conference, based on the terms set forth in the binding Term Sheet, pursuant to *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), and dismissed the action. This Court issued that order on October 13, 2020 and dismissed the action, declining to retain jurisdiction. (ECF No. 205.)

On October 27, 2020, Plaintiffs filed a request for clarification of the Court's dismissal order and objected to dismissal of the case. (ECF No. 206.) On November 12, 2020, Plaintiffs filed an appeal of this Court's dismissal of the case. (ECF No. 207.) The Second Circuit then stayed the appeal to allow this Court to act on the Plaintiffs' motion at ECF No. 206. This Opinion resolves Plaintiff's motion at ECF No. 206 and clarifies its Order of Dismissal at ECF No. 205, pursuant to Federal Rule of Civil Procedure 60(a).

**BACKGROUND**

The parties, along with their respective attorneys, attended an in-person settlement conference before the undersigned on June 26, 2019.[1] (ECF No. 171.) At the conclusion of the conference, the parties entered into a settlement agreement memorialized by a Settlement Agreement Term Sheet ("Term Sheet"), attached hereto, signed by counsel as well as the attending parties. The Term Sheet was drafted by the Court when the parties reached agreement, and the undersigned witnessed the signing of the Term Sheet and retained a copy of the fully executed Term Sheet. The Term Sheet, in pertinent part, provided for a settlement in the total amount of $72,000, inclusive of attorneys' fees and costs, to be paid over 24 months, in monthly installments of $3,000 per month, commencing within 10 days after court approval of the settlement. It also provided for a 10-day notice and cure period in the event of

[1] Two of the Plaintiffs were removed from the United States and now reside in Laos. Their presence was excused from the settlement conference and Plaintiffs' counsel came with authority to act on their behalf. Defendant Toon Lau attended on behalf of himself and the corporate Defendants, and Defense counsel had authority to act on Defendant Wai Ying Lau's behalf.

a default on any installment, as well as an acceleration of the remainder of the settlement plus a penalty of twice the remaining amount due in the event the default was not cured. It provided that Defendants were not admitting liability and that Plaintiffs where providing a release of the claims raised in the litigation. Additionally, it provided that Plaintiffs' counsel would receive one-third of the settlement amount of their attorneys' fees plus costs. The parties contemplated preparing a more formal written agreement and that Defendants would provide confessions of judgment that could be filed in state court should they default and not timely cure the default. However, the parties expressly indicated that the material terms of the settlement as reflected in the Term Sheet were binding as of June 26, 2019. Finally, the parties consented to this Court's jurisdiction for approval of the settlement. That same day, the parties signed a Notice, Consent, and Reference of a Civil Action to A Magistrate Judge ("Consent Stipulation") form consenting to my jurisdiction pursuant to 28 U.S.C. § 636(c) for purposes of approving the settlement and dismissing the case. There was no requirement of a stipulation of dismissal in the Term Sheet. Nor did the Term Sheet explicitly require the more formal settlement document to be filed with the Court prior to the Court's review and approval of the settlement reflected in the binding Term Sheet. (ECF No. 172.) The Consent Stipulation was entered by the Honorable Lorna G. Schofield on June 28, 2019, transferring the case to the undersigned for all purposes.

There was considerable delay in the preparation and signing of a more formal settlement agreement, and this Court attempted several times to speed that process along. (See ECF Nos. 175-179.) On January 9, 2020, the Court held an in-person conference to inquire from the parties about their reasons for not presenting the Court with the final settlement

papers. (ECF No. 181.) Plaintiffs' counsel presented a 40-page document to the Court as its formal agreement. Defense counsel had some concerns with the draft. The conference ended without a meeting of the minds on a final agreement. The individual Plaintiffs who were present at the conference signed the document on January 9, 2020 and the Plaintiffs who were in Laos apparently signed on January 13, 2020, although their signatures were not acknowledged before a counselor official of the United States as contemplated in the document. (ECF No. 206-2.)

The January 9, 2020 written agreement contained the same material terms as the Term Sheet but provided additional provisions and details, including the allocation of the settlement proceeds among the four Plaintiffs, that the confessions of judgment would be signed concurrently with the signing of the agreement, additional provisions in the event one of the settlement checks did not clear, a provision that Defendants would be responsible for Plaintiffs' attorneys' fees and costs incurred during judgment lien enforcement proceedings, an agreement by Plaintiffs to dismiss and withdraw the action by executing a Stipulation of Voluntary Discontinuance with Prejudice, and that signatures of the parties had to be notarized or, for parties living abroad, signed before and acknowledged by a counselor official of the United States. The written agreement also provided that it could not be modified except by a writing signed by all parties. Insofar as the parties had reached a binding agreement as to the material terms reflected in the Term Sheet, the agreement did not contain a date specifying its "effective date" or condition its becoming effective on the provision of confessions of judgment by Defendants. Like the Term Sheet, however, it provided that settlement installment

payments would commence within 10 days after court approval of the settlement. (ECF No. 206-2)

The January 9, 2020 agreement was never fully executed by the parties. Instead, Defendants, who were no longer operating any restaurant, complained that due to financial hardship they could no longer make the payments to which they agreed at the settlement conference and as set forth in the Term Sheet. Defendants explained that they started plans for a new Thai restaurant with the hopes that income derived from the new restaurant could fund the settlement, but COVID-19 restrictions dramatically impacted the new business venture, making payment of the settlement installments required by the settlement impossible. (ECF No. 189.) The undersigned encouraged the parties to modify the payment schedule in light of COVID-19 and its impact on Defendants' ability to pay. At a June 24, 2020 telephonic conference, Plaintiffs' counsel agreed to accept payment of $500 a month toward the settlement amount for a period of four months, after which he would evaluate whether he would agree on behalf of his clients to modify the payment structure to which the parties originally agreed, as reflected in the Term Sheet. Based on this interim agreement, on June 30, 2020, Defendant Toon Lau and the other Defendants signed a modified version of the January 9, 2020 agreement reflecting the temporary modified payment schedule and some additional language. (ECF 194-1.) At that time, the Defendants did not execute and provide Plaintiffs' counsel with confessions of judgment. Plaintiffs never countersigned the Defendants' version of the "formal" agreement. This Court did not approve or order the specific language added to the modified version of the agreement by Defense counsel.

Thereafter, Defendants made payments towards the settlement and filed status reports confirming that they had made the monthly payments. (*See* ECF Nos. 194, 195, 196.) Plaintiffs accepted those payments.

On October 8, 2020, the Court held a conference inquiring about the Defendants' financial situation, indicating that the case needed to be closed because the parties had a settlement agreement, Plaintiffs rightly wanted their settlement money, and any enforcement action needed to be brought in state court. (ECF No. 202.) Plaintiffs' counsel acknowledged that they could and would bring an enforcement action in state court upon approval of the settlement agreement pursuant to *Cheeks* and dismissal of the action. (*Id.*) Plaintiffs' counsel also submitted a letter asking the Court to find the settlement fair and reasonable pursuant to *Cheeks* prior to dismissing the action.[2] (ECF No. 204.)

In accordance with Plaintiffs' counsel's stated desire to obtain the settlement proceeds and enforce the settlement, and insofar as the parties had a binding agreement, on October 13, 2020 I approved the settlement reflected in the Term Sheet pursuant to *Cheeks*, finding the settlement and release of claims under the FLSA to be fair and reasonable, and dismissed the action without retaining jurisdiction to enforce the settlement. (ECF No. 205.)

On October 27, 2020, Plaintiffs' counsel filed a letter motion asking the Court to clarify whether the settlement the Court approved was the January 9, 2020 agreement they had prepared but that was never signed by all the Defendants or, alternatively, the agreement as modified by Defense counsel and signed by Defendants on June 30, 2020. (ECF No. 206.)

[2] Plaintiffs' counsel referenced a settlement agreement that had been reached by the parties reflecting modifications to the payment schedule as the latest "executed" agreement, but did not in fact present that agreement to the Court. In fact, the only fully executed agreement ever presented to the Court was the Term Sheet.

Plaintiffs suggested that it was the January 9, 2020 version that was approved as fair and reasonable. Additionally, Plaintiffs argued that the Court could not dismiss the case because the confessions of judgment had not been signed by Defendants as contemplated in the January 9, 2020 agreement.

On November 12, 2020, Plaintiffs appealed this Court's Order of Dismissal. (ECF No. 207.)

On November 13, 2020, this Court granted Plaintiffs' motion to reopen for purposes of clarifying the settlement reached and approved by the Court. (ECF No. 208.) Rather than simply issue a clarifying order, this Court unsuccessfully attempted to resolve the outstanding issue pertaining to the provision of confessions of judgment. The parties disputed the form of the confessions of judgment, and Defendants have never provided signed confessions of judgment.

As the case stands now, Defendants contend there is an enforceable settlement agreement and posits that the version with the modified payment schedule signed by the Defendants on June 30, 2020, but not countersigned by Plaintiffs, is the operative agreement. (ECF No. 231.) Plaintiffs contend, notwithstanding their prior insistence that the parties had an enforceable settlement agreement, that there is no settlement and that this Court impermissibly evaluated an incomplete agreement because no confessions of judgment were signed and presented to the Court and no stipulation of dismissal was executed and presented to the Court. (ECF No. 232.) In the alternative, Plaintiffs argue that the version of the agreement signed by Defendants on June 30, 2020 is not enforceable, but rather, that the January 9, 2020 version prepared by them is the enforceable agreement. (*Id.*) Finally, Plaintiffs

argue that this Court has no jurisdiction to enforce the settlement agreement because it dismissed the case. (*Id.*)

**APPLICABLE LEGAL RULES AND ANALYSIS**

***1. Dismissal of FLSA Actions***

An action may be dismissed with prejudice upon the filing of a stipulation of dismissal by the parties pursuant to Federal Rule of Civil Procedure 41(a)(1). Otherwise, pursuant to Federal Rule of Civil Procedure 41(a)(2) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Separately, courts routinely dismiss actions with prejudice upon report of a settlement by the parties. These dismissals are also with prejudice. *See* Fed. R. Civ. P. 41(b); *Britto v. Salius*, 360 Fed. Appx. 196 (2d Cir. 2010) (after district court dismissed case upon report of settlement, appellate court rejected plaintiff's request for relief from dismissal of action pursuant to Rule 60(b); district court's determination that there was a conclusive and binding settlement not clearly erroneous*). Cf. Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (recognizing in dicta that courts have inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

In the Second Circuit, when a plaintiff seeks dismissal of an action with prejudice brought under the FLSA pursuant to Rule 41(a)(1)(A) via a stipulation of dismissal, court approval of the settlement is required. *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015) (holding that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect") (cleaned up). To obtain such a dismissal, "the parties must satisfy the Court that their agreement is 'fair and

reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (same).

Dismissals of FLSA actions other than via a stipulation of dismissal do not require *Cheeks* approval.  For example, in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019), the Second Circuit held that dismissal of an FLSA action pursuant to Federal Rule of Civil Procedure 68(a) does not require court approval.  Recognizing that the FLSA does not contain clear language requiring court approval for FLSA settlements, the Second Circuit distinguished dismissal of an FLSA action in this manner from one where the parties simply filed a stipulation of dismissal.  It recognized that the act of filing the suit, airing the parties' dirty laundry in public and before a judge, and then coming to an agreement distinguishes stipulated judgments from private, back-room compromises that could easily result in exploitation of the employees and the coercive release rights under the FLSA.  *Id.*  It found that Rule 68(a) avoids any secret settlement problem because offers of judgment are publicly filed on the court's docket, as required by the Rule.  *Mei Xing Yu*, 944 F.3d at 411-12; *see also Gaughan v. Rubenstein*, 261 F. Supp.3d 390 (S.D.N.Y. 2017) (finding pre-litigation settlement of FLSA claim enforceable; court approval pursuant to *Cheeks* not required for out-of-court settlement to be binding on plaintiff).

In this case, the parties reached a settlement agreement in a settlement conference before the undersigned.  The material terms were set forth in a written Term Sheet signed by the parties and their counsel in the presence of the undersigned.   The Term Sheet did not condition dismissal on the filing of a stipulation of dismissal.  Although the parties

contemplated preparing a more formal written agreement, they expressly agreed that they had reached agreement on the material terms and that such terms were binding as of the date they signed the Term Sheet. *Winston v. Mediafare Entm't Corp.,* 777 F.2d 78, 80 (2d Cir. 1985) ("[t]he mere intention to commit an agreement to writing will not prevent contract formation prior to execution."); *Ciaramella v. Reader's Digest Ass'n, Inc.,* 131 F.3d 320, 322 (2d Cir. 1997) ("parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement"); *Int'l Telemeter Corp. v. Teleprompter Corp.,* 592 F.2d 49 (2d Cir. 1979) (enforcing oral settlement agreement although contemplated formal instrument not executed); *Foster v. City of New York*, No. 96 CIV. 9271 (PKL), 2000 WL 145927, at *3-4 (S.D.N.Y. Feb. 7, 2000) (enforcing oral settlement agreement where attorneys negotiated settlement with the assistance of a magistrate judge and informed the court that settlement had been reached)*; Raghavendra v. Trustees of Columbia Univ.*, 686 F. Supp. 2d 332, 341 (S.D.N.Y. 2010) (enforcing an agreement reflected in a term sheet that "expressly provide[d] that it was not meant to be the final expression of the settlement agreement"), *aff'd in relevant part, remanded on other grounds*, 434 F. App'x 31 (2d Cir. 2011).

Although the Term Sheet contemplated that the Defendants would provide confessions of judgment that could be filed in an enforcement action should Defendants fail to make the settlement payments, the provision of such confessions of judgment was not a condition precedent to the settlement becoming effective or enforceable. The parties did contemplate approval of the settlement by the Court and agreed that Court approval would trigger commencement of the settlement payments. The parties consented to this Court's jurisdiction

the same day as the settlement conference, and they signed the Consent Stipulation for this very purpose. That Consent Stipulation was entered by Judge Schofield shortly thereafter.

After it became clear that the parties were not going to get to a resolution on the written agreement and that Defendants appeared unwilling or unable to pay the settlement to which they had agreed, and insofar as Plaintiffs' counsel rightly sought to have his clients paid sooner rather than later, this Court dismissed the action with prejudice. This dismissal was done under Rule 41(a)(2) insofar as it was at the Plaintiffs' request and on terms that this Court deemed proper and because of the Court's need to efficiently mange its docket. In particular, the Court determined that: (1) the parties had agreed to settle the matter and set forth the material terms of the settlement in the binding Term Sheet; (2) this Court supervised the settlement negotiations and found that the settlement reflects a reasonable compromise of a bona fide dispute over wages due to Plaintiffs; (3) Plaintiffs could not receive the benefit of their bargain without this Court's approval of the settlement and an enforcement action by their counsel; and (4) Plaintiffs' counsel sought to bring such an enforcement action in state court.

***2. Motion to Reopen Case Under Rule 60***

Rule 60(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." F. R. Civ. P. 60(a). A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quotations and citation omitted); *see also Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 150-51

(2d Cir. 1999) ("In deciding whether Rule 60(a) applies, courts distinguish between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error, because Rule 60(a) allows for the former, but not the latter" (quotations and citation omitted)); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) ("An error in a judgment that accurately reflects the decision of the court or jury as rendered is not 'clerical' within the terms of Rule 60(a).") "Rule 60(a) is not meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.,* 956 F. Supp. 2d, 402, 409; *accord Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995).  In sum, Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement, "[but] does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *L.I. Head Start*, 956 F. Supp. 2d at 409 (quotations and citations omitted); *see also Employer Mut.*, 886 F. Supp. at 363 ("[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced" (quotations and citation omitted)).  After an appeal has been docketed and while it is pending, however, Rule 60(a) prohibits any such corrections absent leave from the appellate court.  Fed. R. Civ. P. 60(a).

In this case, Plaintiffs sought to reopen this Court's dismissal of the action to get clarification on which settlement agreement the Court approved. (ECF No. 208) Although they did not cite Rule 60(a), this Court construes the motion to be pursuant to Rule 60(a) to the extent they sought "clarification" of this Court's order of dismissal. Because they also filed an appeal of the dismissal of the action, they also sought a stay of the appeal so that this Court could address their motion. The Second Circuit granted the stay, giving this Court leave to clarify its prior order. As set forth above, the settlement that this Court approved was the settlement reflected in the binding Term Sheet. This Court should have simply issued a clarifying order rather than reengage with the parties on their settlement, as it was without jurisdiction to further assist the parties after this action had been dismissed with prejudice. *Hendrickson v. United States*, 791 F.3d 354, 359 (2d Cir. 2015); *Melchor v. Eisen & Son Inc.*, 15-cv-00113, 2016 WL 3443649, *6 (S.D.N.Y. June 10, 2016).

To the extent Plaintiffs' motion at ECF No. 208 was intended to be pursuant to Federal Rule of Civil Procedure 60(b), their request is denied. Rule 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for, among other reasons, mistake, inadvertence, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6). A motion seeking relief pursuant to Rule 60(b) "is addressed to the sound discretion of the district court." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also LaBarca v. GRJH, Inc.,* No. 616CV826MADTWD, 2018 WL 1136918, at *8 (N.D.N.Y. Mar. 1, 2018). Here, the only applicable subsections of Rule 60(b) that arguably could apply are Rule 60(b)(1) and Rule 60(b)(6). Rule 60(b)(1), however, is not applicable because Plaintiffs have not cited to any mistake, inadvertence, surprise or excusable neglect. Rule 60(b)(6) is not an

appropriate basis for relief from this Court's order of dismissal either. Rule 60(b)(6) relief is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quotation omitted); *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). But Plaintiffs have not presented any extraordinary circumstances. That no stipulation of dismissal was presented pursuant to Rule 41(a)(1)(A) and no confessions of judgment were signed do not constitute extraordinary circumstances, particularly insofar as the Term Sheet did not require these things prior to dismissal. Plaintiffs do not dispute that they signed a binding Term Sheet. Nor do they dispute that they sought enforcement of the settlement agreement. The law is also clear that breach of a settlement agreement is not a ground for reopening under Rule 60(b) where the case has been dismissed with prejudice without reserving jurisdiction over claims arising out of the settlement agreement, as was the case here. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Melchor*, 2016 WL 3443649 at *7; *Manning v. Dubois*, 95-cv-1806, 1996 WL 153950, *2 (S.D.N.Y. Apr. 2, 1996).

Finally, Plaintiffs correctly point out that this Court is without jurisdiction to enforce the settlement. *Hendrickson*, 791 F.3d at 358-59. To the extent Plaintiffs seek to enforce the settlement they reached, they may do so in state court. Whether the parties ever agreed to terms beyond or different from the ones in the Term Sheet can be resolved in an enforcement action in state court.

**CONCLUSION**

Having considered Plaintiffs' motion at (ECF No. 206), this Court hereby clarifies, pursuant to Rule 60(a), that the settlement agreement it approved when dismissing the action at ECF No. 203 was the one reflected in the parties' binding Term Sheet attached hereto. To

the extent this Court reopened this case "for all purposes" at ECF No. 222, that order is hereby VACATED as having been in error. The Motion in Limine filed at ECF No. 224 was filed in contravention of this Court's Individual Practices, and this Court is without jurisdiction to decide it. Accordingly, it is TERMINATED. The motion at ECF No. 231 for enforcement of the settlement agreement is TERMINATED because this Court is without jurisdiction to enforce the settlement for the reasons set forth above. The Clerk of Court is respectfully requested to close this case for all purposes, it having been previously dismissed with prejudice.

**SO ORDERED.**

DATED: New York, New York
August 24, 2021

Katharine H Parker
______________________________
KATHARINE H. PARKER
United States Magistrate Judge

# SETTLEMENT AGREEMENT TERM SHEET

Case Name: Tangtiwatanapaibul v. Tom & Toon

Court/ File No. 17-cv-816

Date: 6·26·19

**Payment of Money:**

To: Πs [crossed out] From: Δ

Amount to be paid: $72,000

When: equal mo. installments of $3,000 over 24 mo. commencing within 10 days of court approval of settlement

Payment terms: > checks delivered to Πs counsel for delivery to Πs

**Attorney fees/costs:** ✓ Included in settlement amount, OR

____ Each party pay its own fees/costs

1/3 to attys fees + costs

**No admission of liability:** By ✓ Defendant(s) OR ___ All parties

**Release:**

Choose one: ___ Mutual OR ✓ One way (from plaintiff(s) to defendant(s)

Scope of release: (Choose one)

✓ General release:

✓ All claims raised in the litigation, or

___ All existing claims, whether or not raised in the litigation

OR

___ Limited release: (describe terms)

**Confidentiality:**

Are settlement terms confidential? ___ Yes or ✓ No

If Yes, what can be said about the litigation or settlement?

Other terms or exceptions to confidentiality agreement:

**Other settlement terms:**

> confession of judgment; 10 day notice; cure period; penalty 2 x remaining amount due
> consent to MJ jurisdiction for approval

**Further settlement documentation:**

Will detailed settlement agreement be prepared? ✓ Yes OR ___ No

By whom? Ts counsel

On or before: July 26

**Effective date:**

✓ Binding agreement today, material terms

___ No binding agreement until typed settlement agreement is signed,

OR

___ No binding agreement until settlement terms approved by

_______________________________________________

**Certification of authority to settle:**

The party representatives who sign this Settlement Agreement Term Sheet certify they have full authority to enter into this settlement agreement, except as follows:

**Signatures of all party representatives:**

Aaron B. Schweitzer

Name/capacity atty for Πs on behalf of himself and Kukkil and Tukta

Name/capacity

Name/capacity

Name/capacity

Name/capacity

Name/capacity

Name/capacity

Attorney for Defendants

Name/capacity

Morton S. Minsley

Name/capacity

Defendant

Name/capacity

