MANDATE

20-3852
Tangtiwatanapaibul v. Tom & Toon Inc., DBA Broadway Thai

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 03 2023

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

SRISUWAN TANGTIWATANAPAIBUL, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, AKA ANNE TANGTIWATANAPAIBUL, PHOUVIENGKHONE THAMMAVONG, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, PHOUVIENGSONE SYSOUVONG, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, TUKTA PHOUVIENGSONE, MANOON CHARUSSILAPA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, AKA CHARLIE CHARUSSILAPA,

*Plaintiffs-Appellants,*

v.                                                                          No. 20-3852

TOM & TOON INC, DBA BROADWAY THAI, THAI SLIDERS & CO. LLC, DBA THAI SLIDERS, TOON THAI INC, DBA NOODLE DEN, SILOM THAI, INC., DBA SILOM THAI, THAI TOON AT GRAND CENTRAL, INC., DBA THAI TOON, WAI YING LAU, ROONGKANT PREECHATAMMARACH, AKA TOON LAU,

*Defendants-Appellees.*[*]

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 01/03/2023

| | | |
|---|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | | Aaron Schweitzer, Troy Law, PLLC, Flushing, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | | Morton S. Minsley, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*, and Parker, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs sued Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190-199a, 650-665, for failure to pay appropriate wages and to provide required wage notices. The parties agreed on a written settlement term sheet (the "term sheet") at a conference before the magistrate judge. Pursuant to the term sheet, the parties agreed to "prepare[]" a "detailed settlement agreement" and consented to the jurisdiction of the magistrate judge, who presided over all aspects of the case relevant to this appeal. Special App'x at SA-18. Subsequently, over the span of a year, each side proffered a formal written agreement that the other declined to sign; each of those proffered drafts contained terms that were either contrary to or were not reflected in the written term sheet. Thereafter, the district court held a conference and dismissed the case, noting that Plaintiffs had "indicated their desire to bring an enforcement action in state court." Special App'x at SA-1. In response, Plaintiffs objected to the closure of the case because the court had not yet approved the proposed settlement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The district court approved "the parties' proposed settlement" under *Cheeks* and declined to retain jurisdiction over the case for the purposes of enforcing the settlement agreement. App'x at A-68. Plaintiffs then moved for clarification of which draft settlement the district court had

1  approved. The district court then "reopened" the case "for purposes of clarifying the settlement
2  reached and approved by the Court." *Id.* at A-93. Following continued litigation related to the
3  settlement, the district court ordered the parties to brief whether there was in fact an enforceable
4  settlement agreement. The district court then clarified that the previous dismissal was under
5  Federal Rule of Civil Procedure 41(a)(2), as it was at Plaintiffs' request, on terms the court deemed
6  proper, and because of court's need to efficiently manage its docket. The district court further
7  clarified that it had approved the term sheet to which both sides had agreed, rather than either of
8  the subsequent draft settlements that the other side rejected. The district court rejected Plaintiffs'
9  argument (construed as a motion for reconsideration) that there was no enforceable settlement and
10 held that the term sheet was enforceable. Plaintiffs appeal. We assume the parties' familiarity
11 with the facts, the procedural history, and the issues on appeal.

12      Rule 41(a)(2) allows a district court to "dismiss[]" an action "at the plaintiff's
13 request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A
14 district court's voluntary dismissal of claims under Rule 41(a)(2) . . . [is] reviewed for abuse of
15 discretion." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 124 (2d
16 Cir. 2003). "[T]he denial of a Rule 60(b) motion" for reconsideration is also reviewed "for abuse
17 of discretion." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). "A court abuses its
18 discretion if it rests its decision on an erroneous determination of law or a clearly erroneous factual
19 finding." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 105 (2d Cir. 2012). We
20 review for clear error a district court's factual findings concerning "whether a settlement
21 agreement exists and whether the parties assented to it." *Powell*, 497 F.3d at 128. "Clear error
22 exists when we are left with the definite and firm conviction that a mistake has been committed."
23 *United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011) (cleaned up).

1    Plaintiffs argue that the district court overstepped its authority by enforcing the term sheet
2    without a request to do so by either party.  But the district court never enforced the term sheet.  In
3    fact, the district court expressly declined to retain jurisdiction, despite Plaintiffs' own requests that
4    it do so, affirmatively preventing itself from enforcing the settlement.  *See Hendrickson v. United*
5    *States*, 791 F.3d 354, 358 (2d Cir. 2015) (noting that "to retain ancillary jurisdiction over
6    enforcement of a settlement . . . a district court's order of dismissal must either (1) expressly retain
7    jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement
8    in the order.").  Plaintiffs' claim that the court overstepped its authority by enforcing the settlement
9    agreement thus fails.
10   The district court *did* dismiss the action.  But "Rule 41(a)(2) does not explicitly require a
11   formal motion," *United States v. Cathcart*, 291 F. App'x 360, 361 (2d Cir. 2008), or "require that
12   the plaintiff's request for dismissal take any specific form," *Morris v. City of Hobart*, 39 F.3d
13   1105, 1109 (10th Cir. 1994).  *Accord United Steelworkers of Am. v. Libby, McNeill & Libby, Inc.*,
14   895 F.2d 421, 422 n.1 (7th Cir. 1990).  The record reflects that Plaintiffs requested dismissal of
15   the case at a court conference.  *See* App'x at A-62, A-371, A-374.  Both the district court's initial
16   dismissal and its dismissal after clarification were explicitly premised on that request.  *See id.*  And
17   although Plaintiffs moved for clarification and reconsideration on various grounds, they never
18   claimed that they had not requested dismissal or explicitly revoked their previous request.  *See id.*
19   at A-66, A-70 to -71, A-352 to -56.[1]  The district court thus did not clearly err in finding that

---

[1] Plaintiffs argue that they "opposed enforcement of any settlement" when briefing whether an enforceable settlement existed before the district court. Appellants' Br. at 9. But as they admit on appeal, before the district court, Plaintiffs argued only that other drafts should not be enforced, and did not address the term sheet, the relevant document in this appeal. *See* Appellants' Br. at 19-20; App'x at A-352 to -56. On the contrary, Plaintiffs' brief opposing Defendants' request to enforce a later settlement admitted that "[t]he material terms . . . as set forth in the term sheet were binding as of June 26, 2019." App'x at A-347. Plaintiffs thus did not oppose the enforcement of the term sheet.

4

Plaintiffs requested the dismissal of the case to allow enforcement of the settlement in state court.

The district court also did not clearly err in finding that the term sheet was an enforceable agreement because it was a binding preliminary agreement. A preliminary agreement "may provide for the execution of more formal agreements." *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 547 (2d Cir. 1998). "[A]n informal agreement can be binding even though the parties contemplate memorializing their contract in a formal document," as the parties have "the power to contract as they please." *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984); *see also Adjustrite Sys., Inc.*, 145 F.3d at 548 (noting that "[o]rdinarily," "a preliminary agreement does not create a binding contract," but one may do so "when the parties agree on all the points that require negotiation (including whether to be bound)" but plan to further "memorialize their agreement"). In determining whether a preliminary agreement is fully binding, the court "consider[s] (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985) (citations omitted). Plaintiffs admitted that the term sheet was binding before the district court. *See* App'x at A-347.[2] But in any case, the four factors favor enforcement.

First, the term sheet explicitly indicated that it constituted a "[b]inding agreement today" as to the "material terms." Special App'x at SA-18. The term sheet signed by the parties included lines on which they could specify that there would be no binding agreement until a typed settlement

---

[2] Defense counsel also acknowledged this. *See* App'x at A-282 ("As your honor knows, my clients and Plaintiffs' counsel previously entered into a settlement of this matter to pay plaintiffs the sum of $72,000, and thereafter made several payments toward this settlement . . . .").

5

agreement was signed or until the settlement terms were approved; the parties did not check-mark those lines. "[T]he text of the agreement . . . is the most important consideration when determining how the parties intended to be bound." *Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 152 (2d Cir. 2022). "[P]arties can choose to be bound despite the presence of open terms," and the text of the term sheet plainly indicates that the parties did so here. *Id.* (cleaned up).

Second, both parties partially performed their obligations under the term sheet. The parties consented to the jurisdiction of the magistrate judge, as they agreed to do in the term sheet. *See Aguiar v. New York*, 356 F. App'x 523, 525 (2d Cir. 2009). Plaintiffs also requested dismissal of the case after signing the term sheet, reflecting an understanding that the agreement was enforceable in state court. *Cf. In re Lehman Bros. Holdings Inc.*, 739 F. App'x 55, 57 (2d Cir. 2018) (explaining that a party's failure to seek voluntary dismissal showed a lack of partial performance). And Defendants made some payments to Plaintiffs, albeit in smaller quantities than the term sheet required.[3]

Third, parties may choose to bind themselves before fully agreeing to all terms provided that the parties have agreed to the material terms. *See Powell*, 497 F.3d at 130. That was the case here. The term sheet stated that it was "[b]inding" with respect to the "material terms" contained in the term sheet. Special App'x at SA-18. Accordingly, with respect to the material terms, there was "literally nothing left to negotiate," *R.G. Grp., Inc.*, 751 F.2d at 76, favoring the enforceability of the settlement, *cf. Attestor Value Master Fund v. Republic of Arg.*, 940 F.3d 825, 831-32 (2d Cir. 2019) (finding the third *Winston* factor weighed against enforcement where the parties disagreed to the "essential terms"). *Accord Acun v. Merrill Lynch Pierce Fenner & Smith, Inc.*,

---

[3] Plaintiffs' counsel represents that they placed the payments in an escrow account. The payments thus represent only partial performance by Defendants, not by Plaintiffs. *See CAC Grp. Inc. v. Maxim Grp. LLC*, 523 F. App'x 802, 805 (2d Cir. 2013).

6

852 F. App'x 552, 555 (2d Cir. 2021).

Fourth, the term sheet was written and executed, supporting its enforceability. *See id.* at 556; *Powell*, 497 F.3d at 130-31. All four factors thus favor a finding that the term sheet was an enforceable contract, and the district court did not err in so holding.

We have considered the remainder of the parties' arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7