```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/4/2025____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SRISUWAN TANGTIWATANAPAIBUL, ET AL.,

                                        Plaintiffs,

          -against-

TOM & TOON INC., ET AL.,

                                        Defendants.

-------------------------------------------------------------------X

**ORDER ON MOTION FOR
ATTORNEYS' FEES**

**1:17-CV-0816 (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge**

This wage and hour action was settled and dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2) on October 13, 2020.  (ECF No. 205.)  Plaintiffs then appealed the Court's dismissal of this action, arguing that the Court's dismissal was based on incorrect settlement terms.  In January 2023, the Court of Appeals denied the appeal and affirmed the Court's dismissal of the action based on the version of the settlement reflected in a term sheet signed by all the parties. (ECF No. 236.)

In August 2024, Plaintiffs' counsel sent Information Subpoenas with a Restraining Notice to multiple banks where they believed Defendants held accounts.  (*See* ECF No. 241.) Plaintiffs' counsel stated they were "Judgement Enforcement Counsel" and that this Court had entered a judgment in the amount of $72,000 against Defendants.  (*Id.* at Exhibit A.)  As a result, at least one bank froze Defendants' bank account for several weeks.

Defense counsel wrote to this Court to report that Plaintiffs' counsel had misrepresented an order of this Court and had been harmed thereby. (ECF No. 244.) He requested the Court issue an order clarifying that in fact no judgment had been issued against Defendants so that the Bank would unfreeze Defendants' bank accounts. (*Id.*) The Court issued such an order. (ECF No. 245.) The only excuse Plaintiffs' counsel gave for making the false representation to the various banks was that it had made a mistake.

Defendants now move for sanctions in the form of attorneys' fees and costs for the time their attorney spent in rectifying the misrepresentation and helping them regain access to their bank account. (ECF No. 247.) Defendants do not state the legal authority pursuant to which they seek sanctions in the form of attorneys' fees.

Plaintiffs' counsel opposes the motion on the grounds that the Court did not retain jurisdiction over this matter after dismissing it pursuant to Rule 41, and, alternatively, argues that the fees sought are not reasonable because the rates are too high and the time spent excessive. (ECF No. 248.)

The only possible authority for the issuance of sanctions in this situation is the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The Supreme Court has stated that a court may assess attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46. "[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party." *Id*. at 46 (internal citations and quotations omitted). The Supreme Court has explained that the reason for this power relates to "a court's inherent power to police itself, thus serving the dual purpose of vindicat [ing] judicial authority without

resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing

party whole for expenses caused by his opponent's obstinacy." *Id*.

A district court retains jurisdiction over whether to grant sanctions even after a case has

been dismissed. *See, e.g.*, *Walker v. Health International Corp.*, 845 F.3d 1148, at *1155 (Fed. Cir.

2017) (citing *Griffen v. Oklahoma City*, 3 F.3d 336, 338, 340 (10th Cir. 1993) (remanding for

consideration of a sanctions motion filed after final judgment had been entered on the merits of

all claims). Additionally, every court with the power to enter a judgment has the power to

enforce it, even if the docket is closed. *See Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 554

(7th Cir. 2021)).

Prior to imposing sanctions, a court must provide an attorney an opportunity to be

heard. *Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019). Further, there must be clear

evidence that "(1) the offending party's claims were entirely without color, and (2) the claims

were brought in bad faith -- that is, motivated by improper purposes such as harassment or

delay." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018) (quoting

*Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)). Alternatively, in the situation of fraud on

the Court, the Court must find that "a party has sentiently set in motion some unconscionable

scheme calculated to interfere with the judicial system's ability impartially to adjudicate the

action." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (internal quotations

omitted).

A "court's inherent power must be exercised with restraint and discretion." <u>*Int'l Techs.*</u>

<u>*Mktg., Inc. v. Verint Sys., Ltd.*</u>, 991 F.3d 361, 368 (2d Cir. 2021) (quoting *Chambers v. NASCO, Inc.*,

501 U.S. 32, 44 (1991)).

Defense counsel does not provide any case on point for a situation like this, and this Court is aware of none.  While it seems self-evident the Court should be able to sanction a party who misrepresented a judgment of the Court to obtain money from an adversary in a closed litigation, just as the court has authority to enforce its judgments, this situation does not fit squarely into the rubric for exercise of the court's inherent authority, as there was not a fraud committed on the court, there is no judgment for this Court to enforce, and the litigation is over. The possible remedy could potentially be a separate civil action in state court by the litigant affected for harm caused by the misrepresentation made to the banks.

Accordingly, while it is clear that Plaintiffs' counsel improperly misrepresented a ruling of this Court which resulted in harm to Defendants, Defendants do not provide sufficient legal authority supporting this Court's award of sanctions.  For the above reasons, the motion for fees is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 247.**

**SO ORDERED.**

Dated: February 4, 2025
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge